Per curiam

There have been so many derisions that a grant, although irregularly obtained, is valid in law, that we think obrselves bound by them at present — although we cannot subscribe to the reasoning of them, of course it is useless now to consider whether these objections to the verdict are valid or not. However, with respect to costs, it is necessary to say something — there can be no doubt, but in point of Equity, Mr. Cupples should pay them — there has been the verdict of a jury against him. and that verdict confirmed by the County Court; upon argument he has caused an abatement of the suit, like that partial abatement which sometimes happens in case of the death, destruction, or ceasing of the principal thing in dispute, so that the court cannot give judgment for it — as where an action is brought against tenant per autre vie, and cestui qui vie dies, de-mandant, may proceed for damages for detention ; in ejectment for lands leased, if the lease expires before a decision, Plaintiff may proceed for damages and costs.— Here, before the suit is decided, one of the parties puts an end to it by removing out of the court’s power the thing in controversy. The court cannot give judgment upon the merits of the dispute, or for the principal j but *526 the party may proceed for the accessary. There was judgment for costs.
Note. — As to the grant’s being unimpeached at law, see Reynolds v. Flinn, and the note thereto, ante 106.